UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                              *

**JOSEPH DANIEL MCGINLEY**       *     Case No. 13-12583
                                                          (Chapter 13)
            Debtor                              *

*   *   *   *   *   *   *   *   *   *   *   *

## MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7

JOSEPH DANIEL MCGINLEY (the "Debtors"), by undersigned counsel, John D. Burns, Esquire, files this Request to Voluntarily Convert this Chapter 13 Proceeding pursuant to 11 U.S.C. § 1307, and requests that the Court enter its standard form of Order Converting the case.

|  |  |
|---|---|
| SEEN AND AGREED TO: | Respectfully Submitted, |
|  | /s/ John D. Burns |
| /s/ Joseph D. McGinley | John D. Burns, Esquire |
| Joseph D. McGinley | The Burns LawFirm, LLC |
|  | 6303 Ivy Lane: Suite 102 |
|  | Greenbelt, MD 20770 |
|  | (301) 441-8780 |
|  | Counsel for the Debtor |

## **CERTIFICATE OF SERVICE**

      I certify that on the 24th day of September, 2013, copies of the Voluntary Motion to Convert were served upon the following by mail or electronic mail:

Office of the United States Trustee
6303 Ivy Lane, Suite 600
Greenbelt, MD  20770

Nancy Spencer Grigsby
4201 Mitchellville Road, Suite 401
Bowie, MD  20716

(Matrix of Creditors)


                                              /s/ John D. Burns
                                              John D. Burns, Esquire

```
Label Matrix for local noticing        GE Capital Retail Bank                  OneWest Bank, FSB
0416-1                                 c/o Recovery Management Systems Corporat c/o Michael T. Cantrell, Esq.
Case 13-12583                          25 SE 2nd Avenue, Suite 1120            312 Marshall Ave., Ste. 800
District of Maryland                   Attn:  Ramesh Singh                     Laurel, MD 20707-4808
Baltimore                              Miami, FL 33131-1605
Tue Sep 24 17:45:29 EDT 2013

Aes/rbs Citizens Na                    American Express                        American Express Centurion Bank
1200 N 7th St                          American Express Special Research       c o Becket and Lee LLP
Harrisburg, PA 17102-1419              Po Box 981540                           POB 3001
                                       El Paso, TX 79998-1540                  Malvern, PA 19355-0701


Chase                                  Comptroller of the Treasury             (p)INTERNAL REVENUE SERVICE
201 N. Walnut St//De1-1027             Compliance Division, Room 409           CENTRALIZED INSOLVENCY OPERATIONS
Wilmington, DE 19801-2920              301 W. Preston Street                   PO BOX 7346
                                       Baltimore, MD 21201-2305                PHILADELPHIA PA 19101-7346


McCabe Weisberg & Conway, PC           OneWest Bank, FSB                       OneWest Bank, FSB
312 Marshall Avenue                    888 East Walnut Street                  PO Box 829009
Suite 800                              Pasadena, California 91101-1802         Dallas, TX 75382-9009
Laurel, MD 20707-4808


Onewest Bank                           State of Maryland DLLR                  Supervisor of Delin. Accts.
Attn:Bankruptcy                        Division of Unemployment Insurance      Rm. 1 Municipal Building
2900 Esperanza Crossing                1100 N. Eutaw Street, Room 401          Holliday & Lexington Streets
Austin, TX 78758-3658                  Baltimore, MD 21201-2201                Baltimore, MD 21202


Us Dept Of Education                   John Douglas Burns                      Joseph Daniel McGinley
Attn: Borrowers Service Dept            The Burns LawFirm, LLC                 1426 South Charles Street
Po Box 5609                            6303 Ivy Lane, Ste. 102                 Baltimore, MD 21230-4402
Greenville, TX 75403-5609              Greenbelt, MD 20770-6322


Nancy Spencer Grigsby                  Robert Grossbart
4201 Mitchellville Road                Grossbart, Portney & Rosenberg
Suite 401                              One N. Charles Street.
Bowie, MD 20716-3164                   Suite 1214
                                       Baltimore, MD 21201-3720
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Internal Revenue Service
Insolvency
31 Hopkins Plaza
Room 1150
Baltimore, MD 21201
```

          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Deutsche Bank National Trust Company   (du)Deutsche Bank National Trust Company   (u)Deutsche Bank National Trust Company, as T

```
End of Label Matrix
Mailable recipients    19
Bypassed recipients     3
Total                  22
```

## NOTICE TO INDIVIDUAL DEBTOR
## REGARDING CONTEMPLATED CONVERSION TO CHAPTER 7

You have elected to convert your Title 11 bankruptcy case to Chapter 7 from either Chapter 11, 12, or 13 in order to proceed with personal goals. These goals may include obtaining a discharge in Chapter 7 of your debts without continuing to make payments under a Court administered payment plan, or may include bringing your bankruptcy to a conclusion sooner than the end of your Court administered payment plan would allow. A conversion of a Title 11 bankruptcy case requires consideration of the risks and difficulties which are created by that decision, and this Notice is prepared to ensure that you are making an informed decision:

1. If you own property, and your property has been the subject of a motion for relief from stay, please be advised that any consent Order you entered into prior to conversion to Chapter 7 will be voided by your conversion. Thus, you may lose property in a Chapter 7 that was protected in a Chapter 13.

2. If you own property, and the Chapter 7 Trustee determines that your property has value to an extent where he should open an asset estate, you could lose your property as the Trustee may sell it. No one can predict with any degree of accuracy what measure of equity in an asset will cause the Trustee to declare an asset case.

3. The Trustee, and creditors, have rights in a Chapter 7 that differ from your treatment under a Chapter 13. For example, if you are a high wage earner as defined by the means test (also known as CMI, current monthly income), you may be dismissed as ineligible for Chapter 7 relief. Further, if you have engaged in conduct prejudicial to the estate under a variety of legal theories you may be denied a discharge under Section 727 of the Bankruptcy Code. Other creditors have rights against you as to which their time for filing complaints under Section 523 of the Bankruptcy Code would have expired in Chapter 13. Those rights are created anew for 60 days from the first meeting of creditors in your Chapter 7. Further, although a Chapter 7 Trustee does not have rights to object to your exemptions post conversion, the Chapter 7 Trustee does have the right to seek a valuation of the property and may proceed to attack a claimed exemption by that method after conversion.

4. If you received a Chapter 7 discharge within 8 years from your last filed bankruptcy case (preceding the present case), then you will not be eligible for a discharge. This is different than the periods between a Chapter 7 and a Chapter 13.

5. Chapter 7 is reported to provide more adverse credit reporting than a Chapter 13. Such information is highly subjective and may be subject to change.

I HAVE READ AND UNDERSTOOD THIS ADVISEMENT AND NOTICE OF MY RIGHTS AND THE IMPACT OF MY BANKRUPTCY CONVERSION.


September 24, 2013                             /s/  Joseph D. McGinley
Dated                                          Debtor – Joseph D. McGinley